UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIDDLER'S CREEK COMMUNITY
DEVELOPMENT DISTRICT 2,

    Plaintiff,

-vs-                                                Case No.: 2:12-cv-00005-UA-SPC

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE OF THE INDENTURE TRUST,

    Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on Plaintiff's Motion for Leave to File Verified Amended Complaint (Doc. # 28) filed on February 3, 2012. Defendant, U.S. Bank National Association, as Trustee, filed a Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Verified Amended Complaint (Doc. # 34) on February 22, 2012. Thus, the Motion is now ripe for review.

Plaintiff contends that it seeks to amend the general allegations in light of facts now known to the parties; amend all of the claims against the Trustee to address the wrongful conduct which occurred after the filing of the original Complaint; add tort claims against the Trustee; and amend the District's claim for injunction against the Trustee. (Doc. # 28, p. 3). The Plaintiff also seeks leave to add Bondholders, ITG Tax Free Income & Capital Appreciation Fund, Ltd. ("ITG") and OppenheimerFunds, Inc. ("Oppenheimer" and collectively with ITG, the "Additional Defendants") as defendants and assert tort claims and unjust enrichment claims

1

against them. (Doc. # 28, p. 3). Defendant asserts that Plaintiff moves to add parties for the sole purpose of adding a non-diverse party, thereby destroying the subject matter jurisdiction of this Court and that the additional claims against the Trustee are futile and therefore amendment should be denied.

*1. Plaintiff's Request to Add Parties*

Joinder of a non-diverse defendant after a case has been removed to federal court is governed by 28 U.S.C. § 1447(e): "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Thus, under section 1447(e), a post-removal request to join a non-diverse party defendant "is left to the discretion of the district court . . . ." Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992). When considering such a motion, the court should scrutinize it more closely than a typical motion for leave to amend. Houser v. Medtronic USA, Inc., No. 6:06-cv-597-Orl-19DAB, 2006 U.S. Dist. LEXIS 49933, 2006 WL 2054323 at *2 (M.D. Fla. July 21, 2006) (citations omitted).

"A defendant's right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." Allen v. Monsanto Co., 2009 WL 426546, at *2 (N.D. Fla. 2009) (quoting Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921)). "Joinder may be deemed fraudulent when there is no possibility that the plaintiff can establish a cause of action against the non-diverse defendant." Id. (citation omitted).

"A defendant alleging fraudulent joinder has the burden of proving the alleged fraud." Accordino v. Wal-Mart Stores E., LP, No. 3:05-cv-761-J-32MCR, 2005 WL 3336503 at *2 (M.D. Fla. Dec. 8, 2005) (citation omitted). That burden is a heavy one. Pacheco de Perez v.

AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). The Court must "evaluate factual allegations in the light most favorable to the plaintiff and resolve uncertainties about the applicable law in the plaintiff's favor." Id. The fact that the plaintiff may not ultimately prevail against the resident defendant does not mean that the resident defendant has been fraudulently joined; only a colorable claim against the resident defendant is needed. Id.

At the same time, when a plaintiff seeks joinder that will destroy diversity, the court must balance the defendant's interests in the federal forum with the competing interest in avoiding parallel state and federal litigation. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). The Court must consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for the amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id. This analysis begins in favor of the defendant, because the removal statutes are designed to give diverse defendants the option of a federal forum. Burr v. Philip Morris, USA, No. 8:07-cv-1429-T-23MSS, 2008 WL 2229689 at *1 (M.D. Fla. May 28, 2008).

Defendant argues that by joining ITG and Oppenheimer as defendants, Plaintiff is merely trying to defeat this Court's jurisdiction. (Doc. # 34, p. 18). Defendant contends that this is evidenced by the fact that these Bondholders' conduct occurred prior to the Plaintiff filing its original Complaint and Plaintiff did not contest Defendant's removal until a few days before the injunction hearing. (Doc. # 34, p. 18, 19). Plaintiff argues that the Amended Complaint asserts claims against the Defendant and Additional Defendants regarding conduct which occurred after the filing of the original Complaint, thus the amendments are not being made for the purpose of defeating jurisdiction. (Doc. #29, p. 10).

Plaintiff filed its Complaint in State court on November 30, 2011. (Doc. # 2). Plaintiff's Complaint alleges that Defendant removed funds from the Construction Accounts and improperly used the money to pay its own legal fees. (Doc. # 2, p. 5). At the point that the original Complaint was filed in State court, the Plaintiff could have identified and determined that the Trustee's actions were for the benefit of the Bondholders, which they now allege in their Amended Complaint and assert as a basis for joining the Bondholders. However, Plaintiff also alleges that the Amended Complaint contains allegations regarding the failure and refusal of Trustee, at the direction and for the benefit of the Additional Defendants, to fund certain requisitions duly-submitted by the District for the construction of infrastructure within the District. (Doc. # 28, p. 10). Plaintiff further alleges that the Trustee did not refuse to approve further draw requests until after the filing of the original Complaint. (Doc. # 28, p. 10).

The timing and other circumstances surrounding the Plaintiff's filing of the Amended Complaint strongly suggests that the purpose of amendment is to defeat federal diversity jurisdiction. Plaintiff took no steps to contest removal when the case was initially removed, or to add the non-diverse defendant Bondholders. Instead, Plaintiff's attempt to add a non-diverse defendant only occurred after the parties were scheduled to have a hearing on Defendant's Motion for Preliminary Injunction. Plaintiff's Motion for Leave to File Verified Amended Complaint was filed on the eve of the injunction hearing. The Court is of the opinion and recommends that such circumstances strongly suggest that the Plaintiff seeks to amend the Complaint in order to defeat subject matter jurisdiction and should be denied. The Court further recommends that no other factors, equitable or otherwise, outweigh the factors discussed herein which weigh in favor of finding that joinder is inappropriate. Thus, it is recommended that the

Court exercise its discretion to deny joinder of Additional Defendants, ITG and Oppenheimer, in this case.

### *2. Plaintiff's Request to Amend its Claims*

Plaintiff seeks leave to amend the Complaint in order to amend the general allegations in light of facts now known to the parties; amend all of the claims against the Defendant Trustee to address the wrongful conduct which occurred after the filing of the original Complaint; add tort claims against the Trustee; and amend the District's claim for injunction against the Trustee. (Doc. # 28, p. 3). Specifically, the Amended Complaint would contain allegations regarding the failure and refusal of Defendant, at the direction and for the benefit of the Additional Defendants, to fund certain requisitions duly-submitted by the Plaintiff for the construction of infrastructure within the District. (Doc. # 28, p. 10). Plaintiff contends that the Defendant did not affirmatively state in writing that it would refuse to approve further draw requests until after the filing of the original Complaint in this action. (Doc. # 28, p. 10). Defendant asserts that Plaintiff's actions are indicative of a dilatory motive and undue delay. (Doc. # 34, p. 20). Defendant contends that Plaintiff did not contest Defendant's removal until a few days before the injunction hearing.

Under Rule 15(a), a party may amend the party's pleading as a matter of course within twenty-one (21) days after serving it or if the pleading is one which a responsive pleading is required twenty-one (21) days after service of the responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f) whichever, is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of

Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

This case is still in its infancy; the Trustee has not yet filed its answer, the Court has not entered any substantive order on the merits, no written discovery has been initiated, and the preliminary injunction hearing that was set for February 10, 2012, has been postponed. Therefore, the Court finds that the Plaintiff has not been dilatory in seeking amendment. Defendant's arguments with regard to futility of amendment, specifically that Plaintiff's claims are barred by the economic loss rule, go to the merits of claims of the amended complaint and are more fit for a motion to dismiss or summary judgment and should not be discussed in a motion to amend.

Accordingly, it is now **RESPECTFULLY RECOMMENDED:**

(1) Plaintiff's Motion for Leave to File Verified Amended Complaint (Doc. #28) should be **GRANTED in part and DENIED in part**.

    a. Plaintiff's request to add the Additional Defendants should be **DENIED**.

    b. Plaintiff's request to amend its claims should be **GRANTED**.

(2) Plaintiff should be granted leave to file its Verified Amended Complaint and accompanying exhibits that do not include the Additional Defendants.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party for attacking the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, this __29th__ day of February, 2012.



SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record