```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

FIDDLER'S CREEK COMMUNITY
DEVELOPMENT DISTRICT 2,

        Plaintiff,

vs.                      CASE NO.: 2:12-cv-5-FTM-UA-SPC

U.S. BANK NATIONAL ASSOCIATION,
As Trustee of the Indenture Trust,

        Defendant.
_____/

## ORDER

This matter is before the Court pursuant to the February 29, 2012, report and recommendation of Sheri Polster Chappell, United States Magistrate Judge (Doc. # 40), recommending that Plaintiff's Motion for Leave to File Verified Amended Complaint (Doc. # 28) be denied. On March 13, 2012, Plaintiff filed an objection to the report and recommendation (Doc. # 43) and Defendant filed a Response (Doc. # 44) on March 27, 2012. For the reasons that follow, the Court sustains Plaintiff's objection to the report and recommendation, grants Plaintiff's Motion to Amend, and remands this case to state court.

**I.**    **Background and Procedural History**

Plaintiff filed its Verified Complaint in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida on November 29, 2011. Therein, Plaintiff

explains that it is "a Community Development District created in year 2002 by Ordinance of the Collier County Board of Commissioners pursuant to Chapter 190 of the Florida Statutes." (Doc. # 2 at ¶ 1).  Plaintiff issued bonds in order to finance the construction and infrastructure of the District. Id. at ¶ 3.  According to the Complaint, "Defendant is the successor Trustee with respect to the Fiddler's Creek Community Development District 2 Special Assessment Revenue Bonds" including Series 2003A, 2003B, 2004, and 2005 "pursuant to a certain Master Trust Indenture dated as of June 1, 2003." Id. at ¶ 5.   Plaintiff claims that Defendant breached the Master Trust Indenture.  Among other allegations, Plaintiff claims that Defendant "removed approximately $765,000.00 from the Construction Accounts and has failed to use the funds for the purposes specified by the Master Indenture . . . and in fact has used the money to pay its own legal fees and expenses." Id. at ¶ 30.  Plaintiff sued Defendant for damages, equitable accounting, and injunctive relief. (Doc. # 2).

On January 4, 2012, Defendant timely removed this action to this Court on the basis of diversity of citizenship. (Doc. # 1).  Defendant asserts that Plaintiff is a citizen of

2

Florida and Defendant is a citizen of Ohio. Id. at ¶¶ 8, 13.[1] On January 4, 2012, Plaintiff filed an Emergency Verified Motion for Preliminary Injunction (Doc. # 4). On January 6, 2012, Defendant filed a Motion to Dismiss the Complaint. (Doc. # 7). The Court set the Motion for Preliminary Injunction for an evidentiary hearing to be held on February 10, 2012. (Doc. # 8). On January 20, 2012, Defendant filed a response to the Motion for Preliminary Injunction (Doc. # 12) and Plaintiff filed a response to the Motion to Dismiss. (Doc. # 15). Plaintiff terminated prior counsel and hired new counsel on January 27, 2012, and the Court approved the substitution of counsel on January 30, 2012. (Doc. ## 22, 23).

On February 1, 2012, Plaintiff filed a motion seeking to continue the hearing on the Motion for Preliminary Injunction, and on February 2, 2012, the Court cancelled the evidentiary hearing. (Doc. ## 25, 26). On February 3, 2012, Plaintiff filed its Motion to Amend the Complaint in which it seeks to amend the Complaint allegations against Defendant to include wrongful conduct that occurred after the filing of the original Complaint, to add tort claims against Defendant and to amend the claim for injunctive relief to include a

---

[1] Plaintiff disputes that it is a citizen of Florida for the purpose of determining diversity jurisdiction.

statutory basis therefore. (Doc. # 28). Plaintiff also seeks leave to amend to add tort and unjust enrichment claims against bondholders ITG Tax Free Income & Capital Appreciation Fund, Ltd. and OppenheimerFunds, Inc. Id. It is not disputed that adding these Defendants will divest this Court of diversity jurisdiction. On February 22, 2012, Defendant filed a response in opposition to the Motion to Amend. (Doc. # 34).

On February 29, 2012, the Magistrate Judge entered a report and recommendation recommending that the Motion to Amend be granted in part and denied in part. (Doc. # 40). Specifically, the Magistrate Judge recommends that the Court allow Plaintiff to amend its claims against Defendant U.S. Bank NA and deny Plaintiff's request for leave to add the two additional Defendants. Plaintiff objects to the extent that the Magistrate Judge recommends that Plaintiff be denied the opportunity to add the two additional Defendants.

**II. Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no

4

requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

### III. Analysis

In recommending denial of the opportunity to amend to add the two new Defendants, the Magistrate Judge noted, "the timing and other circumstances surrounding the Plaintiff's filing of the Amended Complaint strongly suggest that the purpose of amendment is to defeat federal diversity jurisdiction." (Doc. # 40 at 4). The Magistrate Judge further concluded: "Plaintiff took no steps to contest removal when the case was initially removed, or to add the non-diverse defendant Bondholders. Instead, Plaintiff's attempt to add a non-diverse defendant only occurred after the parties were scheduled to have a hearing on Defendant's Motion for Preliminary Injunction. Plaintiff's Motion for Leave to File Verified Amended Complaint was filed on the eve of the

5

injunction hearing." Id.

There appears to be some confusion in the report and recommendation concerning the identity of the preliminary injunction movant. It was Plaintiff that moved for preliminary injunction, not Defendant as the Magistrate Judge states, and Plaintiff would have no reason, as this Court sees it, to unnecessarily delay their own hearing. As explained by Plaintiff:

> [T]he Emergency Verified Motion for Preliminary Injunction (Doc. # 4) was filed in this action by [Plaintiff], *not* [Defendant]. In seeking leave to amend--which amendment may have mandated remand-- [Plaintiff] was the party whose rights were prejudiced, not [Defendant]. [Plaintiff] was forced to seek a postponement of the hearing on its *own* emergency motion to its *own* detriment, not [Defendant's]. This fact clearly illustrates that [Plaintiff] was not motivated by an improper purpose or solely to defeat diversity. [Plaintiff] believed the amendment to have been *so* important as to seek leave of court despite the fact that it would have to forego its own efforts to put an immediate stop to the continued conversion of its construction funds by [Defendant].

(Doc. # 43 at 6-7)(emphasis in original).

This Court comes to the opposite conclusion as the Magistrate Judge when considering the timing of the Motion to Amend. The record reflects that the Motion was brought within three days of a new attorney representing Plaintiff. This Court agrees with Plaintiff that "a change in counsel is . . .

6

a legitimate reason for the timing of [Plaintiff's] Motion which appears to have been overlooked in the R&R." Id. at 8.

In determining whether to grant Plaintiff leave to amend to add parties that will destroy diversity of citizenship and mandate a remand to state court, the Court considers 28 U.S.C. § 1447(e), which states, "If after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." As explained in Linares v. Home Depot U.S.A., Inc., No. 12-60308, 2012 U.S. Dist. LEXIS 58275, at *3 (11th Cir. Apr. 26, 2012), the decision to allow amendment to add a non-diverse defendant "is committed to the sound discretion of the district court" and "the district court should scrutinize a motion to amend to join a non-diverse party more closely than a motion to amend under Rule 15."

The Linares court also instructed this Court to consider those factors delineated in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), in deciding whether to allow amendment to join non-diverse parties. In Hensgens, the court directs the district court to "consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking

7

for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id.

This Court has considered the factors above and determines that it is appropriate to allow amendment. First, the record does not support Defendant's contention that Plaintiff seeks to amend to defeat diversity. The mere fact that the requested amendment would divest the Court of its jurisdiction does not, in itself, establish that Plaintiff's motive in seeking amendment is to accomplish this aim. There is no reason to discredit Plaintiff's statement that its motivation in seeking amendment "is simply to conform the pleadings with the evidence now known to the [Plaintiff] and to promote the resolution of the parties' dispute in one lawsuit against *all* culpable parties, rather than two." (Doc. # 43 at 7).

The Magistrate Judge's finding that the timing of the Motion to Amend is indicative of Plaintiff's nefarious purpose in seeking amendment is not supported by any part of the record. Rather, the record shows that Plaintiff hired a new attorney and that the new attorney immediately sought to amend the Complaint after entering his appearance for Plaintiff. See Espat v. Espat, 56 F. Supp. 2d 1377, 1378 (M.D. Fla.

8

1999)(granting leave to amend to join non-diverse party and noting that plaintiff retained new counsel shortly before filing the motion to amend, and new counsel indicated that the proposed amendment was the result of his investigation). Here, the Court finds that the requested amendment is not brought for any improper purpose and specifically was not brought to defeat this Court's jurisdiction.

Second, the Court concurs with the Magistrate Judge that Plaintiff did not delay in moving to amend. As stated by the Magistrate Judge, "this case is still in its infancy" (Doc. # 40 at 6). The third factor, whether Plaintiff will be prejudiced if amendment is denied, also militates in favor of allowing amendment. If amendment is denied, Plaintiff will face litigating this matter in both state and federal court. Such a result is inconsistent with the stated purpose of the Federal Rules of Civil Procedure, which is to ensure the just, speedy, and inexpensive determination of every action. Fed.R.Civ.P. 1.

As for other factors bearing on the equities, the Court has also considered whether there is a federal interest at stake, which there is not. Each and every claim in the Complaint and proposed Amended Complaint is asserted pursuant to state law. In addition, Plaintiff is a creature of the

9

Florida Statutes. The Court agrees with Plaintiff that the state law claims "are generally more appropriately resolved in the courts of Collier County, Florida in which the [Plaintiff], the money, the land, the infrastructure, and the developer are all located and where the tortious conduct occurred." (Doc. # 43 at 11-12). See Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002)("Both comity and economy are served when issues of state law are resolved by state courts.").

Accordingly, the Court sustains Plaintiff's objection to the Magistrate Judge's report and recommendation, grants Plaintiff's Motion for Leave to Amend the Complaint, and remands this case to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's objection (Doc. # 43) to the report and recommendation (Doc. # 40) is **SUSTAINED.** The Court declines to adopt the report and recommendation.

(2) Plaintiff's Motion for Leave to File Verified Amended Complaint (Doc. # 28) is **GRANTED.**

(3) This case is **REMANDED** to the Circuit Court of the

10

Twentieth Judicial Circuit in and for Collier County, Florida.

(4) After remand has been effected, the Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Fort Myers, Florida, this 20th day of June, 2012.

*(signature)*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

11